UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT B. GERBERS and
BETTY J. GERBERS,

    Plaintiffs,

  v.              Case No. 23-C-1009

RICHRD J. OTRADOVEC,
RODAC LLC, and
ASH INVESTORS LLC,

    Defendants.

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS FEDERAL CLAIMS AND REMAND TO STATE COURT

  This case arises out of real estate transactions between Plaintiffs Robert and Betty Gerbers and Defendants Richard Otradovec, RODAC LLC, and Ash Investors LLC. Plaintiffs brought this action in Brown County Circuit Court alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Securities Exchange Act of 1934. Plaintiffs also assert various state law claims. Defendants removed the action to this court on July 28, 2023. The court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This matter comes before the court on Plaintiffs' motion to dismiss their federal claims without prejudice under Federal Rule of Civil Procedure 41(a)(2) and to remand the matter to the Circuit Court for Brown County for further proceedings.

  If a defendant has served an answer or summary judgment motion and has not stipulated to a dismissal, as is the case here, a plaintiff must obtain a court order before he can voluntarily

dismiss claims.  *See* Fed. R. Civ. P. 41(a).  Whether to grant a motion for voluntary dismissal without prejudice is "within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).  A district court abuses its discretion by dismissing a case without prejudice if the dismissal would cause the defendant to "suffer 'plain legal prejudice.'" *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (citation omitted).  The court may determine that dismissing claims is appropriate only if it is made with prejudice.  *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed . . . on the terms that the court considers proper.").  Where the plaintiff seeks a voluntary dismissal without prejudice, the court must give the plaintiff a reasonable opportunity to withdraw the motion before dismissing the case with prejudice.  *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019).

The court finds that dismissal of Plaintiffs' federal claims without prejudice would not be appropriate.  Factors courts consider in denying motions for dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment had been filed by the defendant." *See Pace v. Southern Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969).  This case has been pending for a year and a half, the parties have undertaken considerable discovery, and Defendants briefed their motion for summary judgment before Plaintiffs filed their motion to dismiss.  Under these circumstances, the court concludes that dismissal of Plaintiffs' federal law claims at this stage must be with prejudice.

On January 27, 2025, the court held a telephonic conference with the parties regarding Plaintiffs' motion.  The court advised that, considering the record, it would not dismiss Plaintiffs' federal law claims without prejudice.  The following day, Plaintiffs' counsel advised that Plaintiffs

authorize the dismissal of their federal RICO and security claims with prejudice. Dkt. No. 61. For these reasons, the court grants Plaintiffs' motion to dismiss the federal claims. Plaintiffs' federal RICO and security claims are dismissed with prejudice.

What remains are Plaintiffs' state law claims. If the federal claims are dismissed before trial, the court has discretion to retain jurisdiction over the state law claims, but the normal practice is to dismiss the state law claims without prejudice, or in cases that are removed, to remand the case to the state court for disposition of the remaining claims, unless it is clear that the state claims should be dismissed as well. 28 U.S.C. § 1367(c)(3); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. ---, 2025 WL 96212 (Jan. 15, 2025) (when a plaintiff amends the complaint to remove federal law claims, leaving only state law claims behind, the federal court loses supplemental jurisdiction over state law claims and the claims must be remanded to state court). Here, the court cannot say that Plaintiffs' claims are frivolous or should clearly be dismissed. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999) (noting that the rule is dismissal unless state claims are frivolous or a "no brainer"). Accordingly, the case will be remanded to state court for disposition of the remaining state law claims.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to dismiss their federal claims and to remand (Dkt. No. 54) is **GRANTED**. Plaintiffs' federal law claims are dismissed with prejudice. The case is **REMANDED** to Brown County Circuit Court. Pursuant to 28 U.S.C. § 1447(c), a certified copy of this order shall be mailed by the Clerk to the Clerk of the Circuit Court for Brown County.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 18), Plaintiffs' motion for summary judgment (Dkt. No. 43), Plaintiffs' motion to amend the scheduling order (Dkt. No. 47), and Plaintiffs' motion to compel (Dkt. No. 49) are **DENIED as moot**.

Dated at Green Bay, Wisconsin this 29th day of January, 2025.

William C. Griesbach
United States District Judge